UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMY HERNANDEZ on Behalf of Herself and on Behalf of All Others Similarly Situated<br><br>Plaintiff(s),<br><br>V.<br><br>RCI HOSPITALITY HOLDINGS, INC.; XTC CABARET, INC. d/b/a XTC CABARET (AUSTIN); ERICK LAMKIM; AND WAYNE FENLON<br><br>Defendants. | § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION NO. 1:19-cv-00870<br><br>COLLECTIVE ACTION<br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

### I.      SUMMARY

1. Defendant RCI Hospitality Holdings, Inc., XTC Cabaret, Inc. d/b/a XTC Cabaret (Austin), Erick Lamkin, and Wayne Fenlon, Individually (hereinafter "Defendants") required and/or permitted Amy Hernandez (hereinafter "Plaintiff") to work as an exotic dancer at their adult entertainment club but refused to compensate her at the applicable minimum wage. In fact, Defendants refused to compensate her whatsoever for any hours worked. Plaintiff's only compensation was in the form of tips from club patrons.

2. Defendants took money from Plaintiff in the form of "house fees" or "rental fee" as a prerequisite to do her job for the benefit of the club.

3. Plaintiff was also required to divide her tips with Defendants' employees who do not customarily receive tips outside of a valid tip pool.

4. Defendants misclassify dancers, including Plaintiff, as independent contractors so that they do not have to compensate them at the federally mandated minimum wage rate.

5. Defendants' practice of failing to pay employees wages violates the FLSA's minimum wage provision, and Defendants' practice of charging house fees and dividing tips also

1

violates Federal Law because it impermissibly passes the cost of doing business onto the employees of the club.

6. For at least one workweek in the relevant statutory period, these illegal practices caused Plaintiff and similarly situated workers to be paid below the minimum wage. *See* 29 U.S.C. § 206.

7. Without justification or excuse, Plaintiff's tips and wages were confiscated, and she is owed lost wages.

## II. SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## III. PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Amy Hernandez is an individual residing in San Antonio, Texas. Her consent to this lawsuit is attached as Exhibit A.

11. Opt-in Plaintiffs, or the "FLSA Class", are current or former exotic dancers who have worked at Defendants' adult entertainment club within the applicable limitations period and will file a valid consent with this Court to join this suit.

12. RCI Hospitality Holdings, Inc. is a domestic for-profit corporation incorporated in Texas. This Defendant may be served with process by serving its registered agent Robert Axelrod at 5300 Memorial Drive, Suite 1000, Houston, TX 77007.

13. XTC Cabaret, Inc. is a domestic for-profit corporation incorporated in Texas. This Defendant may be served with process by serving its registered agent Robert Axelrod at 5300 Memorial Drive, Suite 1000, Houston, TX 77007.

14. Wayne Fenlon is an individual Manager of XTC Cabaret, Inc.; he may be served with process at his usual place of business at his usual place of business at 3501 Andtree Blvd., Austin, Texas 78724.

15. Erick Lamkin is an individual Branch Manager of XTC Cabaret, Inc.; he may be served with process at his usual place of business at his usual place of business at 3501 Andtree Blvd., Austin, Texas 78724.

16. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

17. Defendants have and continue to have systematic contacts with the State of Texas sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in Texas by operating a very successful club in Dallas. Defendants also employ workers and contract with residents and businesses in Dallas, Texas.

18. This cause of action arose from or relates to the contacts of Defendants with Texas residents, thereby conferring specific jurisdiction over Defendants.

## IV. FLSA COVERAGE

19. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

20. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

21. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

23. Individual Manager Wayne Fenlon is an employer under the FLSA because he 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls

3

employee work schedules or conditions of employment, 3) determines the rate and method of payment, and 4) is an individual responsible for maintaining employment records.

24. Individual Branch Manager Erick Lamkin is an employer under the FLSA because he 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, 3) determines the rate and method of payment, and 4) is an individual responsible for maintaining employment records.

25. At all material times, Plaintiff and opt-in Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## V. FACTS

26. Defendants operate an adult entertainment club in Austin, Texas, under the name of "XTC Cabaret (Austin)."

27. Defendants employ exotic dancers and have employed hundreds of dancers over the years.

28. Plaintiff was previously employed as an exotic dancer at Defendants' adult entertainment club during the statutory time period.

29. Plaintiff worked on a regular basis for Defendants' establishment.

30. Plaintiff worked at XTC Cabaret (Austin) from at least August of 2013 until October 2018.

31. Plaintiff worked approximately a minimum of 10 hours per shift.

32. Plaintiff worked approximately 3 shifts per week.

33. Plaintiff never received any wages during her employment with the club.

34. During at least workweek between August 2013 and October 2018, and within the relevant statutory period, Defendants did not pay Plaintiff the federally mandated minimum wage. For example:
    a. Plaintiff worked the week of August 6, 2018-August 12, 2018 and did not receive minimum wage.

4

b. Plaintiff worked the week of August 13, 2018-August 19, 2018 and did not receive minimum wage.

c. Plaintiff worked the week of August 20,2018-August 26, 2018 and did not receive minimum wage.

d. Plaintiff worked the week of August 27, 2018-September 2, 2018 and did not receive minimum wage.

35. Plaintiff and FLSA Class Members were classified by Defendants as independent contractors who "leased" the premises and therefore actually paid their employer to dance in violation of federal law.

36. On at least one occasion during the statutory period, Plaintiff and FLSA Class Members left the club with negative earnings, that is, they made less than what they paid to dance at the club.

37. Plaintiff and FLSA Class Members were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at the establishment.

19. Defendants also required Plaintiff and FLSA Class Members to share their tips with other non-service employees who do not customarily receive tips, including the disc jockeys, and the "house mom."

20. Upon information and belief, the XTC Cabaret (Austin) did not record revenue they collected from the dancers and/or the customers for the dancers' services on gross sales receipts and did not distribute anything back to dancers. No wages were provided to dancers.

21. Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiff and FLSA Class Members were employees of Defendants.

22. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

23. In addition, Defendants instructed the dancers about when, where, and how they

were to perform their work.

24. The following non-exhaustive list further demonstrates the dancers' status as employees during the relevant statutory period:

    a. Defendants require dancers to complete an employee application as a prerequisite to their employment;

    b. Defendants require dancers to undergo an audition prior to being hired;

    c. Defendants require dancers to undergo a body check prior to being hired;

    d. Defendants unilaterally made the decision not to pay wages;

    e. Defendants forced dancers to pay a "house fees" or "rental fees" to dance in the club;

    f. Defendants created an incentive to arrive early, the house fee increased after 6 pm;

    g. Defendants required dancers to work a minimum of 8 hours.

    h. Defendants charged dancers a fine to leave early.

    i. Defendants exercise sole control over how much a dancer can charge a third-party customer;

    j. Defendants set the price for a private dances and VIP room dances;

    k. Defendants required all dancers to perform "boom boom dances," which required dancers to dance for 15 minutes straight for $1, and dancers would be fired if they did not do so.

    l. Defendants require dancers purchase their uniforms;

    m. Defendants demand dancers wear a high heel type of shoe (no less than 5 inches) or else prohibit the dancers from performing;

    n. Defendants invested extensively in its enterprise and establishment by providing the dancers with music equipment, performing stages, extensive lighting, and audio;

    o. Dancers' biggest investment in their work was their body;

    p. Defendants mandated that dancers pay at least a $10 fee to the DJ and the

$10 to the valet service;

q. Defendants determined that if the dancers did not follow the club rules, including the tip out, they did not get the opportunity to dance and earn money;

r. Dancers must perform stage dances when called upon to do so, pursuant to a rotation system controlled by the club and if they did not dance on stage they were charged a $20 fine;

s. Defendants implemented a policy to allow dancers to pay a $20 fee to the DJ to keep dancer off stage;

t. The dancers were expected to follow strict appearance related rules as ordered by the Club;

u. Defendants required dancers utilize a sign-in/sign-out using their fingerprint system to track and monitor the time worked in the club;

v. Dancers were not trained or given special training to dance at the club, the club hired based on the dancers' attractiveness to potential customers;

w. Defendants applied fines/fees to the dancers if they failed to follow Defendants' guidelines or directions;

x. Defendants hired and fired all employees of the club – the dancers, DJ's, bouncers, managers;

y. Dancers are not responsible for paying any facility expenses relating to the operation of the club;

z. Defendants have sole control over their opportunity for Defendants maintain exclusive control over major determinants of customer volume such as marketing, advertising, business hours, facility maintenance, aesthetics, beverage inventory, and setting the cover charge price profit;

aa. Dancers have no control over the key determinants of profit and loss;

bb. Many dancers, including named Plaintiff, worked for Defendants for years;

cc. Plaintiff and the Class Members constituted the workforce without which

7

                Defendants could not perform their services;

        dd.    Plaintiff's and the Class Members' services were integrated into Defendants' business, i.e. without the dancers the club does not exist;

25. Plaintiff and FLSA Class Members are not exempt from the minimum wage requirements under the FLSA.

26. Dancers receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

27. Defendants misclassified Plaintiff and Class Members with the sole intent to avoid paying them in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

28. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA is willful and is not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## VI.   CAUSES OF ACTION

### COUNT I: FAILURE TO PAY MINIMUM WAGE AND WAGES DUE
### (COLLECTIVE ACTION)

38. Plaintiff incorporate all allegations contained in the foregoing paragraphs.

39. Defendants' practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

40. Defendants unlawfully charged dancers rent to dance and took tips and wages from them in violation of the Fair Labor Standard Act's minimum wage provision.

41. Because they paid no wages, the club violated the law.

42. Additionally, Defendants' practice of charging employees rent to dance, and confiscating tips violates the FLSA and the Associated Department of Labor Regulations.

43. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required rates are applicable to the Defendants or the Plaintiff.

8

## VII.   COLLECTIVE AND CLASS ALLEGATIONS

### A.   FLSA Class Members

44. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

45. Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers who worked at XTC Cabaret (Austin). As such, Plaintiff has first-hand personal knowledge of the same pay violations at XTC Cabaret (Austin) for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences including wage and tip confiscations, as those described in this Complaint.

46. Other employees similarly situated to the Plaintiff work or have worked for Defendants' gentlemen's club business but were not paid the federally mandated minimum wage rate.

47. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

48. FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

49. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

50. Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

51. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

52. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

53. All FLSA Class Members, irrespective of their particular job requirements, are

entitled to compensation for hours worked at the federally mandated minimum wage rate.

54.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

55.     As such, Plaintiff bring their FLSA minimum wage claims as a collective action on behalf of the following class:

> **All of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

## VIII.   DAMAGES SOUGHT

56.     Plaintiff and FLSA Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate.

57.     Plaintiff and FLSA Class Members are also entitled to all of the misappropriated funds, including "rental fees", tips, and any additional wages owed for worked performed.

58.     Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

59.     Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

60.     For these reasons, Plaintiff and FLSA Class Members respectfully request that judgment be entered in their favor awarding the following relief:

    **A.**   All unpaid wages at the FLSA mandated minimum wage rate;

    **B.**   All misappropriated money;

    **C.**   An equal amount of wages as liquidated damages as allowed under the FLSA;

    **D.**   Prejudgment and post-judgment interest on unpaid back wages under the

FLSA;

E. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

F. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

        Respectfully submitted,
        KENNEDY HODGES, L.L.P.

        By: /s/ Gabriel A. Assaad
        Gabriel A. Assaad
        gassaad@kennedyhodges.com
        Texas State Bar No. 24076189
        4409 Montrose Blvd., Suite 200
        Houston, TX 77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

        LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS